## No. 1870.—P. POUTZ *v.* THEARD BROTHERS.

A merchant, who purchased a lot of cotton in New Orleans, classed as low middling by his own agent, who afterward shipped it to Havre, France, and sold it as low middling, is not entitled to a reclamation from the vendor in damages for false packing, by which the inside of the bales is inferior in quality to that of the outside.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *A. & M. Voorhies*, for plaintiff and appellee. *J. Ad. Rozier* and *E. H. McCaleb*, for defendants and appellants.

TALIAFERRO, J. The plaintiff sues defendants for damages sustained in a purchase of cotton which he alleges was fraudulently packed, the cotton on the outside of the bales being of good quality, while the interior was composed of trashy, dirty, rotten and inferior

Poutz v. Theard Brothers.

cotton. The answer is a general denial. The plaintiff had judgment against the defendants *in solido* for $1072, with legal interest from judicial demand. The defendants appealed.·

This case is very similar in its character to that of Poutz *v.* Jones, recently decided by this court. In this case, like that, the cotton was shipped to Havre in France, and the testimony of witnesses residing there was taken under commission. The defendants have in the record evidence to show that the cotton alleged to have been fraudulently packed was composed of "sample" cotton, and that it was so represented to the broker who bought for the plaintiff. One of the defendants is positive and emphatic in his testimony that these samples in packing were not placed to show a better quality outside than in the inside; that all the cotton in these bales was sound cotton; that there was no false packing and no unsound cotton put in; that this is the first reclamation made against defendants' pickery for false packing, etc. ·The testimony of the foreman of the pickery is much to the same effect. Some other testimony relating to the mode of putting up sample cotton, difference in price between sample and original cotton, is added on the part of the defendant, but which has but little bearing on the point at issue.

Now, on the other hand, two of the Havre merchants to whom the cotton was shipped, swear directly the reverse of what the defendants and their foreman did. One of these merchants says: "Of the lot of forty bales marked H B, thirty were opened and their interior found to be composed of rotten cotton, of bad quality, full of earth, and of entirely inferior quality to the upper and lower layers, or the rest of the cotton composing the bale." The other merchant says: "Of forty bales marked H B, thirty bales, on being examined, were found on the outside to conform to the cotton invoiced, but the interior of these bales was mixed cotton, dirty and of a very inferior quality." These merchants, it is shown, were interested in the matter, the shipment being made on joint account of the merchants and the plaintiff.

Three sworn cotton brokers of Havre testified in the case. These men had no interest whatever in the controversy. One of these brokers says: "On opening the thirty bales, we found the interior of each to be composed of bad cotton, trash, store sweepings, etc. The four sides and the ends of the bales contained one layer of cotton of fine quality, and the bad cotton, trash, etc., inside depreciated the value of the bales in the estimation of myself and colleagues fifty centimes or ten cents gold per kilogram, or five cents gold per French pound." Another of the brokers testifies to the same effect. The third is not explicit. He says he recollects having examined several lots of cotton shipped by the Expounder, some of which were very bad, but after the lapse of time could not recollect the particulars of

the examination. The plaintiff's own evidence corroborates that of the merchants and the brokers. We think the plaintiff has fully made out his loss in the transaction, and that' the judgment of the lower court does justice between the parties.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs in both courts.

## ON REHEARING.

HOWE, J. The evidence in this case shows that the plaintiff bought bales of "samples" of cotton from defendants in New Orleans at the price of "samples;" that the plaintiff's agent classed them as "low middling;" that the plaintiff shipped them to Havre invoiced as "low middling," sold them there as "low middling," was forced to pay a reclamation, but after paying it still realized in Havre the price of "samples."

It was the plaintiff's agent in New Orleans and not the defendants who classed the property as "low middling;" it was the plaintiff and not the defendants who invoiced and shipped it as "low middling;" it was the plaintiff and not the defendants who sold it in Havre as "low middling."

The manner, therefore, in which the bales were put up, whatever may be thought of it, inflicted no legal damage on the plaintiff. He bought "samples" here and realized the price of "samples" in Havre. The failure of his plan to sell the cotton as "low middling" can not be attributed to the defendants.

It is therefore ordered that our judgment heretofore rendered be set aside. It is further ordered that the judgment appealed from be avoided and reversed, and that there be judgment for defendants with costs in both courts.